GUIDRY, J.,
would grant the writ application and assigns reasons.
LThe district court erred in not maintaining the applicants’ exception of lis pen-dens, as the dissent in the court of appeal *1285 aptly explains. The'court of appeal majority erroneously focuses on the .claims that could have been raised, rather than on the elements of La.Code Civ. Próc. art. 531. Here, there is no dispute both suits arise out of the same transaction or occurrence and that the parties are the same, except for an additional plaintiff and defendant in the Jefferson Parish suit, the first-filed suit. Although the applicants and respondents are not in the same position in the litigation in each suit, i.e., being a defendant or a plaintiff, they are nonetheless all in the same capacities vis-a-vis each other in the underlying partnership or joint venture agreement. A judgment in the Jefferson Parish suit will necessarily resolve or render moot all of the issues in the Orleans Parish suit, if, as the court of appeal noted, a judgment in the Orleans Parish suit would resolve all issues in the Jefferson Parish suit.
Moreover, I believe the court of appeal majority got the facts wrong when it noted the applicants here “waited until the Jefferson Parish suit was set for trial to move forward with the lis pendens exception.” It was the Orleans Parish district court that delayed ruling on the applicants’ exception of lis pendens. The Jefferson Parish suit was filed by the applicants on December 19, 2013, ’ in which the | applicants sought declaratory' relief that they owed no damages to the respondents stemming from an alleged partnership or joint venture formed to redevelop the Mercy Hospital site. On January 8, 2014, the respondents filed suit against the applicants for declaratory judgment and damages arising out of the same alleged joint venture or partnership. On February 24, 2014,. just six weeks after the Orleans Parish action was filed, and well over a year before the trial date was set in the Jefferson Parish action, the applicants filed an exception of lis pendens, and on April 17, 2014, the respondents filed an opposition thereto. The exception was then heard by the Orleans Parish district court on April 25, 2014,. but that court did not issue a ruling until July 8, 2015, well over a year after taking the matter under consideration, when it denied the exception of lis pendens. In the meantime, the applicants had filed six supplemental memoranda informing the Orleans Parish district court of the ongoing proceedings in the Jefferson Parish litigation. Thus, contrary to the court of appeal’s appreciation of the facts, any delay in taking up the exception of lis pendens appears to be attributable to the Orleans Parish district .court. Because the court of appeal majority misapplies the law to incorrect facts, the applicants’ writ application should be granted.